UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 3:07-CV-00028-KKC

PHYSICIAN SERVICES, P.S.C.,                                                            PLAINTIFF,

v.                                **OPINION AND ORDER**

MARK D. BIRDWHISTLE, *Secretary of the Kentucky*
*Cabinet for Health and Family Services, in his official and*
*individual capacities*,                                                                    DEFENDANT.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Motion for Preliminary Injunction (Rec. No. 3) filed by the Plaintiff, Physician Services, P.S.C., and the Motion to Dismiss (Rec. No. 16) filed by the Defendant. For the following reasons, the Court will GRANT the Motion to Dismiss.

**I.      BACKGROUND.**

**A.      The Parties.**

Physician Services provides neurosurgery and neuroscience medical services to patients in Central and Eastern Kentucky. It is owned by Dr. John Gilbert and employs 13 physicians at its offices in Lexington, Florence, London, Hazard and Pikeville. One service it provides at its offices is magnetic resonance imaging ("MRI") diagnostic services.

The Cabinet for Health and Family Services (the "Cabinet") administers the state Certificate of Need ("CON") program pursuant to KRS Chapter 216B. Medical services providers who conduct MRI scans typically must first obtain a CON which is issued by the Cabinet. Private physician's offices, however, are not regulated by the Cabinet. KRS 216B.020(2)(a). Thus, they do not have to obtain a CON before providing MRI scans.

**B.      Regulations Regarding the Cabinet's Show Cause Hearings and Advisory Opinions.**

Pursuant to Section 18 of the CON administrative regulations, the Cabinet may conduct a show cause hearing on its own initiative or at the requested of an "affected person," to determine if a person has established or is operating a health facility or health service in violation of the provisions of KRS Chapter 216B. 900 KAR 6:050 §18(1).

Pursuant to Section 22 of the CON administrative regulations, any person can request an advisory opinion regarding matters related to a CON. 900 KAR 6:050 §22(1). An "affected person" may then request a public hearing regarding an advisory opinion within 30 days of the public notice of the advisory opinion. 900 KAR 6:050 § 22 (7).

Both the show cause hearing and the public hearing on the advisory opinion must be conducted in accordance with the provisions of Section 16 of the CON administrative regulation. 900 KAR 6:050 § 22(8) and § 18(7). Section 16 is a lengthy regulation providing for notice to the parties, exchange of witness and exhibit lists and other rules of procedure.

    C.    **The Show Cause Hearing Proceedings**.

In 2004, one of the Intervening Defendants (the "Affected Persons") in this action, acting as an "affected person," under Section 18 of the CON regulations, requested a show cause hearing regarding whether Physician Services was operating a health facility without a required CON. On February 10, 2005, Hearing Officer Robert Layton determined that the Physician Services' offices in London, Hazard and Florence offices did not qualify for the private physician's office exemption and, therefore, required a CON.

Physician Services appealed the decision to the Franklin Circuit Court. In January 2006, the Cabinet promulgated a regulation providing that, in determining if a medical facility is a private physician's office and, therefore, exempt from the CON requirements, in a show cause hearing, the

hearing officer must base his findings of fact and proposed decision on whether the evidence establishes the following:

> 1) the practice is 100 percent owned by the individual physician or group of physicians claiming the exemption;
> 2) the practice primarily provides physicians services (e.g. evaluation and management codes) rather than services or equipment covered by the State Health Plan;
> 3) services or equipment covered by the State Health Plan are primarily provided to patients whose medical conditions are being treated or managed by the practice;
> 4) a physician within the office claiming the exemption is responsible for all decisions regarding the care and treatment provided to patients;
> 5) patients are treated on outpatient basis and do not stay overnight;
> 6) services or equipment covered by the State Health Plan which are offered are related to the professional services offered to patients; and
> 7) Major medical equipment in excess of the limits set forth in 900 KAR 6:030 is not being utilized without a Certificate of Need or other exemption.

900 KAR 6:050 § 18(9)(a).

On June 14, 2006, the Franklin Circuit Court affirmed the hearing officer's determination that the three offices are not exempt from the CON requirements. Physician Services filed a motion to alter, amend or vacate the Franklin Circuit Court Order. On December 5, 2007, that motion was denied. Physician Services then appealed the Franklin Circuit Court decision to the Kentucky Court of Appeals. That appeal remains pending.

### D. The Advisory Opinion Proceeding.

On August 15, 2006, pursuant to Section 22 of the CON administrative regulations, Physician Services applied for an advisory opinion. By letter dated September 22, 2006, the Cabinet issued an advisory opinion (the "Advisory Opinion") stating that:

> Based on the materials and representations you have provided, it is our understanding and belief that Physician Services, P.S.C. may provide MRI services pursuant to the exemption authorized by KRS 216B.020(2) and does not currently require a Certificate of Need. Continuing compliance with 900 KAR 6:050 Section 18 is necessary for Physician Services, P.S.C. to remain exempt from Certificate of Need

>requirements. . . Any affected person may request a public hearing regarding this Advisory Opinion by filing a request with the Office of Health Policy, Division of Certificate of Need within thirty (30) days of the date of the public notice. If a public hearing is not requested, this Advisory Opinion shall constitute the final action of this office regarding this matter and [is], therefore, subject to judicial review pursuant to KRS 216B.115.

Notice of the Advisory Opinion was published in the January 18, 2007 CON newsletter. Pursuant to Section 22, the Affected Persons then demanded a public hearing regarding the Advisory Opinion. The Cabinet assigned Hearing Officer Layton to preside. Physician Services moved for Hearing Officer Layton to recuse but he declined the request.

The Affected Parties requested that the Hearing Officer issue certain subpoenas for documents and depositions. At a prehearing conference conducted March 26, 2007, the Hearing Officer overruled certain of Physician Services' objections to the Affected Persons' discovery requests and required Physician Services to respond to the requests on or before April 30, 2007. The hearing officer declined to address Physician Services' due process objections to the public hearing procedure because he concluded that he was without authority to address the constitutionality of the regulations.

Physician Services then requested that the Hearing Officer issue subpoenas to the Affected Parties. On April 19, 2007, Hearing Officer Layton issued an Order stating that Physician Services had requested subpoenas "for a period of time well into the prehearing period set aside for scheduling of depositions." The Hearing Officer stated he had declined to issue the subpoenas because the requested subpoenas were inconsistent with the schedule ordered during the prehearing conference. The Order further stated that any additional motions or arguments relating to the subpoenas could be both made and addressed during the next prehearing on May 1, 2007.

### E.   This Federal Action.

On May 1, 2007, Physician Services filed this federal action seeking a Temporary Restraining Order and Preliminary Injunction enjoining the Cabinet from conducting the public hearing on the Advisory Opinion. (Rec. Nos. 1,2 and 3). Physician Services argues that the procedure for the public hearing on the Advisory Opinion violates its due process rights under the Fourteenth Amendment[1]. Physician Services also argues that the new regulation at 900 KAR 6:050 § 18(9)(a) setting forth the factors that a hearing officer must consider in determining whether an office or clinic is a "private physician's office" is unconstitutionally vague.

This Court ordered the matter set for a telephonic scheduling conference to be conducted on May 4, 2007. (Rec. No. 5). On May 3, 2007, the Affected Parties filed a Notice of Intent to Intervene and a Motion for Leave to Participate in the telephonic scheduling conference. (Rec. No. 9). At the telephonic scheduling conference, the Court established a schedule for filing answers to the Plaintiff's complaint and a briefing schedule for the Motion for Preliminary Injunction and Motion to Intervene. The Cabinet indicated that it would advise Hearing Officer Layton of the

---

[1] Specifically, Physician Services argues that the Cabinet's procedure for public hearings on advisory opinions violates its due process rights because it does not require notice and does not designate which party has the burden of proof at the hearing. The procedure for public hearings is set forth in Section 16 of the CON administrative regulations. Section 16 explicitly requires that notice of the time, date, place and subject matter of the hearing shall be mailed to all parties at least ten days prior to the hearing. 900 KAR 6:050 § 16(3). Further, the subject matter of a hearing on an Advisory Opinion is clearly the Advisory Opinion. Finally, Section 16 provides that during a preliminary conference, the hearing officer may instruct the parties to formulate and submit a list of issues to be decided at the hearing. 900 KAR 6:050 § 16(7). Physician Services filed this action on May 1, 2007, the date of the prehearing set by the Hearing Officer.

As to the burden of proof, Physician Services cites to no authority in support of its argument that failure to designate the burden of proof constitutes a constitutional violation. *See Lavine v. Milne*, 424 U.S. 577, 585 (1976) ("[o]utside the criminal law area, where special concerns attend, the locus of the burden of persuasion is normally not an issue of federal constitutional moment"). Further, Section 16 provides that at least seven business days prior to the hearing, the party that bears the burden of proof must file and deliver to the opposing parties the written direct testimony of all witnesses it intends to introduce at the hearing. 900 KAR 6:050 § 16(19)(a). Accordingly, at some point prior to the hearing, the hearing officer must determine which party has the burden of proof. At the time that Physician Services filed this action, the Hearing Officer had not yet made this determination.

Court's desire to have until May 30, 2007 to resolve the pending motions. Accordingly, the Court denied the Motion for Temporary Restraining Order as moot and set oral arguments on the pending motions for May 21, 2007.

The Cabinet then moved to dismiss Physician Services' Complaint on several grounds including that the Cabinet was immune from suit under the Eleventh Amendment and that the state was not a "person" under 42 U.S.C. § 1983. Physician Services then filed motion to amend its complaint to name as the Defendant Mark D. Birdwhistle, Secretary of the Cabinet, in his official and individual capacities (the "Cabinet Secretary). The Affected Persons filed a Joint Motion to Intervene.

At the May 21, 2007 oral arguments on the pending motions, the Court granted Physician Services' Motion to Amend its Complaint and the Affected Persons' Motion to Intervene. At the hearing, after the Court granted Physician Services' Motion to Amend its Complaint, the Cabinet advanced on behalf of its Secretary the arguments made in its Motion to Dismiss. Accordingly, the Court finds that the Cabinet Secretary has adopted the Cabinet's Motion to Dismiss.

**II.    ANALYSIS.**

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint should not be dismissed. . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Beto*, 405 U.S. 319, 322 (1972)(citation omitted). "[T]he factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)).

In his Motion to Dismiss, the Cabinet Secretary argues that the Court should abstain from accepting jurisdiction over this action pursuant to the *Younger* abstention doctrine. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court required that a federal court abstain from enjoining a pending state criminal proceeding. The *Younger* abstention doctrine has since been extended to state administrative proceedings. *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 620, 627 (1986).

> *Younger* requires federal courts to abstain where: (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Nilsson v. Ruppert, Bronson & Chicarelli Co.*, 888 F.2d 452, 454 (6th Cir.1989).

*Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir.1995).

As to the first element, "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for Younger abstention is satisfied." *Id.* (quoting *Federal Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir.1991). Here, there is no dispute that state proceedings are pending. Thus, the first element of *Younger* is satisfied.

Further, the state proceedings involve an important state interest. The public hearing will address whether Physician Services requires a CON in order to provide MRI services at three of its offices. In enacting the CON statute, the Kentucky General Assembly made the following finding regarding the state interest in the CON program:

> The General Assembly finds that the licensure of health facilities and health services is a means to insure that the citizens of this Commonwealth will have safe, adequate, and efficient medical care; that the proliferation of unnecessary health-care facilities, health services, and major medical equipment results in costly duplication and underuse of such facilities, services, and equipment; and that such proliferation increases the cost of quality health care within the Commonwealth. Therefore, it is the purpose of this chapter to fully authorize and empower the Cabinet for Health and

7

>Family Services to perform any certificate-of-need function and other statutory functions necessary to improve the quality and increase access to health-care facilities, services, and providers, and to create a cost-efficient health-care delivery system for the citizens of the Commonwealth.

KRS 216B.010.

Physician Services argues that the state has no interest in regulating Physician Services because it meets the private physician's office exemption. It is, however, unknown whether Physician Services meets this exemption. The show-cause proceeding concluded that Physician Services did not meet the exemption requirements. That decision is now on appeal. The Advisory Opinion, on the other hand, concluded that Physician Services does meet the exemption requirements. That opinion, however, will not become a "final decision" until after the public hearing that Physician Services seeks to enjoin. 900 KAR6:050 § 22(9). The state's interest in administering the CON program includes an interest in determining whether medical offices are subject to the CON requirements or exempt. Thus, the second element of *Younger* is met.

As to the third element, whether the state proceedings will afford Physician Services an adequate opportunity to raise its constitutional claims, it is sufficient that constitutional claims may be raised in state-court judicial review of the administrative proceeding. *Dayton Christian Schs., Inc.*, 477 U.S. at 620; *see also Kelm*, 44 F.3d at 424 ("notwithstanding the delay inherent in the finality doctrine, an opportunity to raise constitutional claims is adequate even though such opportunity arises only upon appellate review").

Physician Services argues that the Hearing Officer's decision cannot be appealed or that Kentucky law is at least ambiguous in this regard. "An appeal to the Franklin Circuit Court may be taken from any final decision of the cabinet with respect to a certificate-of-need application, a

certificate of need, or a license by any party to the proceedings." KRS 216B.115(1). Section 22 of the CON administrative refers to the Cabinet's decision after a public hearing on an advisory opinion as a "a final decision." 900 KAR 6:050 § 22(9). Likewise, section 17 of the CON administrative regulations refers to an "advisory opinion entered after a public hearing" as a "final decision" by the Cabinet. 900 KAR 6:050 § 17(b). In its pleadings and at the oral argument on this matter, the Cabinet took the position that a party can appeal from a final decision after a public hearing on an advisory opinion. Thus, Physician Services can appeal from the Hearing Officer's final decision after the public hearing on the Advisory Opinion.

At the hearing on this matter, Physician Services also argued that the Hearing Officer's final decision is not "with respect to a . . . certificate of need" because Physician Services does not have a certificate of need. The Hearing Officer will address, however, whether Physician Services *needs* a certificate of need. The Advisory Opinion that will be the subject of the public hearing is an opinion "regarding matters related to [a] certificate of need." 900 KAR 6:050 § 22(1). Accordingly, the Hearing Officer's decision will be a "final decision with respect to. . . a certificate of need."

There has been no dispute here as to whether, on appeal from the Hearing Officer's decision, Physician Services can raise its constitutional challenges in state court. As to the adequacy of state courts to address a constitutional claim, in *Kelm*, the Sixth Circuit stated the following:

> Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff. *Pennzoil*, 481 U.S. at 1, 107 S.Ct. 1519. In *Pennzoil*, the Court noted because all state court judges are bound by the United States Constitution, federal courts [] cannot assume that state judges will interpret ambiguities in state procedural law to bar presentation of federal claims. . . .Accordingly, when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary. *Id*. at 15, 107 S.Ct. at 1528. Thus, the plaintiff must prove the inadequacy of the state courts.

9

*Id*. at 420.

Physician Services has not even argued that it is prevented from raising its constitutional claims in Kentucky state courts. Accordingly, the third element of *Younger* is met.

### III.    CONCLUSION.

For all the above reasons, the Court hereby ORDERS as follows:

1)    the Motion to Dismiss (Rec. No. 16) is GRANTED and this action is hereby DISMISSED pursuant to the *Younger* abstention doctrine; and

2)    the Motion for Preliminary Injunction (Rec. No. 3) is hereby DENIED as moot.

Dated this 29th day of May, 2007.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge